IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| C.R. BARD, INC., BARD PERIPHERAL VASCULAR, INC., and BARD ACCESS SYSTEMS, INC., <br><br> Plaintiffs, <br> vs. <br><br> MEDICAL COMPONENTS, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE, STAY, OR TRANSFER COUNTS VI AND VII OF BARD'S AMENDED COMPLAINT <br><br> CASE NO. 2:17-CV-754 TS <br><br> Judge Ted Stewart |

This matter is before the Court on Defendant Medical Components, Inc.'s ("MedComp") Motion to Dismiss Without Prejudice, Stay, or Transfer Counts VI and VII of Bard's Amended Complaint. For the following reasons, the Court denies the Motion.

I.   BACKGROUND

The parties in this action are competitors in the medical technology field and both develop and sell venous access ports, which are devices that can be implanted into a patient and used for the controlled infusion or withdrawal of fluids.

On January 11, 2012, C.R. Bard, Inc. ("Bard"), brought an action in this District against MedComp (the "First Action") alleging infringement of three of Bard's patents.[1] Each of those patents is directed to the same underlying technology: x-ray discernable indicia on power injectable ports. MedComp responded with a counterclaim involving a MedComp patent dealing with the same technology, and the First Action was stayed pending an *inter partes* examination of the three Bard patents. MedComp then sought to dismiss the counterclaim and bring it in a

---

[1] *C.R. Bard, Inc. v. Medical Components, Inc.*, No. 2:12-cv-32-RJS (D. Utah , 2012).

1

different forum, but the court denied dismissal and found that "MedComp is seeking an end run around the stay and the court is not inclined to encourage such forum shopping."[2]

MedComp's next step came in April 2017, when it filed a case in the Eastern District of Texas (the "Second Action") alleging infringement by Bard of its patent, United States Patent No. 8,852,160 (the "160 patent") entitled "Venuous Access Port With Molded And/Or Radiopaque Indicia."[3] Subsequently, on July 7, 2017, Bard filed this case (the "Third Action") asserting that MedComp infringed five of its patents that were directed toward x-ray discernible indicia on power injectable ports and seeking declaratory judgment that Bard is not infringing the '160 patent and that the '160 patent is invalid (Counts VI and VII of the Complaint). MedComp then filed this Motion, arguing that Counts VI and VII are compulsory counterclaims that should have been filed in the Second Action and should be dismissed under the first-to-file rule, or in the alternative, the case should be stayed pending resolution of a motion to transfer in the Second Action. But, if the Court was to deny dismissal under the first-to-file rule, MedComp argues that Counts VI and VII should be transferred to the Second Action.

## II. DISCUSSION

Soon after this Motion was filed, the Second Action was transferred to the District of Utah and assigned to Judge Nuffer.[4] With that transfer, MedComp's alternative request for a stay was rendered moot. Following the transfer to Judge Nuffer, MedComp maintained that Counts VI and VII in this action should be dismissed without prejudice or transferred to the Second Action. However, on March 23, 2018, Judge Nuffer denied Bard's Motion to Dismiss in the

---

[2] *Id.* Docket No. 99, at 2. Med Comp then, unsuccessfully, sought a writ of mandamus from the Federal Circuit. *Id.* Docket No. 102.

[3] *Medical Components, Inc. v. C.R. Bard, Inc.*, No. 6:17-cv-237 (E.D. Tex. 2017).

[4] *Medical Components, Inc. v. C.R. Bard, Inc.*, No. 2:17-cv-1047-DN (D. Utah 2017).

Second Action and transferred the action to the undersigned.[5] With this transfer, both the Second and Third Actions are before this Court.

The first-to-file rule "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases."[6] Because both actions are now before this Court, the Court finds that the arguments that Counts VI and VII should be dismissed without prejudice under the first-to-file rule are rendered moot.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Medical Components, Inc.'s Motion to Dismiss Without Prejudice, Stay, or Transfer Counts VI and VII of Bard's Amended Complaint (Docket No. 31) is DENIED. The parties are instructed to determine whether they wish to pursue the claims involving the '160 patent in case number 2:17-cv-1047-TS or 2:17-cv-754-TS and inform the Court of their decision within 14 days.

DATED this 27th day of March, 2018.

BY THE COURT:

Judge Ted Stewart

---

[5] *Id.* Docket No. 62, at 4.

[6] *In re Telebrands Corporation*, 824 F.3d 982, 984 (Fed. Cir. 2016); *see also Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir.1982) ("[W]hen two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.").