### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., and BARD PERIPHERAL VASCULAR, INC., and BARD ACCESS SYSTEMS, INC.,<br><br>Plaintiffs,<br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER (DOC. NO. 563)**<br><br>Case No.  2:17-cv-00754-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Plaintiffs' Motion for Entry of a Protective Order ("Mot.") (Doc. No. 563) filed by Plaintiffs C.R. Bard, Inc., Bard Peripheral Vascular, Inc., and Bard Access Systems, Inc. (collectively, "Bard").  In this case, Bard asserts patent infringement claims against Defendant Medical Components, Inc. ("MedComp") and seeks declaratory relief regarding the validity of existing patents relating to its access port products.  (Am. Compl. ¶¶ 1–3, Doc. No. 21.)  With its present motion, Bard seeks a protective order preventing MedComp from disclosing information designated "Confidential—Attorneys' Eyes Only" to MedComp's proposed technical advisors, Randall Rader, the former Chief Judge of United States Court of Appeals for the Federal Circuit, and Stephen Kunin, the former Deputy Commissioner for Patent Examination Policy with the United States Patent and Trademark Office.  (Mot. 1–2, Doc. No. 563.)  On July 9, 2020, the court held a hearing on the motion and took the matter under advisement.  (Doc. No. 569.)

## BACKGROUND

With the instant motion, Bard seeks to prevent MedComp from disclosing any document it has designated as Confidential Information—Attorneys' Eyes Only ("Confidential/AEO") from Judge Rader and Mr. Kunin, both of whom are patent attorneys MedComp has designated as technical advisors under the Standard Protective Order.  (Mot. 1–2, Doc. 563.)  Bard argues the court should grant a protective order for the following reasons.  First, Bard indicates the documents it has designated Confidential/AEO include "technical documents describing development of the products at issue and other products as well as manufacturing information, highly confidential marketing, sales and financial data," and "documents describing competitive intelligence and sales strategy."  (*Id.* at 4.)  Bard contends these types of documents must be protected from unnecessary disclosure.  (*Id.*)  Second, despite acknowledging that Judge Rader and Mr. Kunin have signed an undertaking agreeing not to disclose any Confidential/AEO information, Bard claims it would be harmed if these technical advisors use the Bard Plaintiffs' "confidential information in connection with their other work."  (*Id.* at 5.)  Third, Bard asserts the harm it would suffer from any inadvertent disclosure outweighs MedComp's need for access, particularly because patent attorneys cannot serve as testifying experts in patent cases.  (*Id.* at 6.) Finally, Bard argues MedComp has not shown why it is necessary to disclose every document designated as Confidential/AEO to Judge Rader and Mr. Kunin.  (Pls.' Reply in Support of Mot. for Entry of Protective Order ("Reply") 5, Doc. No. 567.)

In response, MedComp first argues that Bard failed to comply with this district's short form discovery rule, DUCivR 37-1.  (Def.'s Short Form Mem. In Opp'n to Pls.' Mot. for Entry of a Protective Order ("Opp'n") 1, Doc. No. 565.)  MedComp next asserts that Bard failed to follow the procedure for objecting to disclosures to technical advisors under paragraph 3(b) of

the Standard Protective Order and improperly conflated "technical advisors" with "testifying experts." (*Id.*)  Finally, MedComp contends that Bard's assertion of generalized injury is not adequate to justify the need for a protective order.  (*Id.* at 2.)

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure permits the court, for good cause, to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  The party seeking a protective order must satisfy a three-factor test.  First, it must show that "the information sought is a trade secret or other confidential research, development, or commercial information."  *See Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 248 (D. Kan. 2010).  Second, the moving party must show how it would be harmed by the disclosure.  *Id.*  Finally, the moving party must show the harm "outweighs the need for access."  *Dig. Equip. Corp. v. Micro Tech., Inc.*, 142 F.R.D. 488, 491 (D. Colo. 1992).  If the moving party satisfies these three requirements, the burden shifts to the party seeking the disclosure to establish the disclosure is "relevant and necessary." [1]  *Layne*, 271 F.R.D. at 249.

With respect to the first factor, Bard maintains no documents or information it designated as Confidential/AEO should be provided to Judge Rader or Mr. Kunin because documents with this designation include technical product development and manufacturing documents, confidential marketing and financial data, and sales strategy and intelligence documents.  (*See*

---

[1] MedComp does not appear to dispute the applicability of this legal standard, but instead claims Bard should have brought the issue before the court in a short form discovery motion, pursuant to DUCivR 37-1.  (Opp'n 2, Doc. 565.)  MedComp requested the opportunity for a hearing, given the disparity in briefing between the parties.  (*See* Request to Submit for Decision re: Pls.' Mot. for Entry of a Protective Order 2, Doc. No. 566.)  Because the parties were afforded an opportunity to fully present their positions to the court at a hearing, as requested, the court need not address whether the plaintiffs were required to bring their motion pursuant to DUCivR 37-1.

Mot. 4, Doc. No. 563.)  MedComp does not seem to dispute that at least some of Bard's

documents meet this description, given that it never objected to the Confidential/AEO

designations.  Instead, MedComp objects that Bard failed to particularly identify the documents

to which disclosure is objected, as required by paragraph 3(b) of the Standard Protective Order.

(Opp'n 1, Doc. No. 565.)  However, where the parties appear to agree that at least some of the

information Bard wants to prevent from being disclosed to Judge Rader and Mr. Kunin

constitutes a "trade secret or other confidential research, development, or commercial

information," the court finds Bard has satisfied the first prong of the analysis.  *See Layne*, 271

F.R.D. at 248; (*see also* Mot. 4, Doc. No. 563; Opp'n 1, Doc. 565.)

Second, the Court considers whether the disclosure of Bard's Confidential/AEO

"information might be harmful."  *Layne*, 271 F.R.D. at 248.  Bard asserts that the nature of its

Confidential/AEO information is such that disclosure to "its competitors would cause Bard

irreparable injury."  (Mot. 4., Doc. No. 563.)  Although Bard acknowledges that Judge Rader and

Mr. Kunin have signed the Disclosure Agreement required by the Standard Protective Order, it

still contends that there is a "risk that Bard's confidential information will be used in connection

with other consulting activities that they perform."  (*Id.* at 5.)  Bard cites *Digital Equipment

Corporation v. Micro Technology, Inc.* for the proposition that the harm would be great because

information disclosed to competitors cannot be "unlearned or utilized only on a selective basis."

142 F.R.D. 488, 492 (D. Colo. 1992) (internal quotations omitted).  However, in *Digital

Equipment*, the court found the risk of harm greater because the expert at issue was not

independent and had a "continuing nexus to an important aspect of Micro's business" based on

ongoing patent licensing and consulting work for Micro separate and apart from the underlying

case.  *Id.* at 491–92.  Here, there is no allegation that Judge Rader and Mr. Kunin have a

continual consulting relationship with MedComp outside of this case.  Moreover, Judge Rader and Mr. Kunin have confirmed that neither has "done previous consulting work involving port products, and that neither of them is presently consulting with or for a medical device manufacturer."  (Ex. C to Mot., Email from M. Gibb to L. Martin (June 16, 2020), Doc. 563-3 at 3.)  Under these circumstances, Bard's arguments of harm are too abstract, speculative, and theoretical.

Because Bard seeks additional protection beyond that provided in the Standard Protective Order, a discussion of the provisions already in place to safeguard Confidential/AEO information disclosed to technical advisors is in order.[2]  Technical advisors may review information designated Confidential/AEO if certain procedures are followed.  *See* Standard Protective Order, ¶ 3; *available at* https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf. Notably, technical advisors are bound by a Disclosure Agreement under which they agree to abide by the terms of the order and which specifically prohibits them from using Confidential/AEO information "for any purpose not appropriate or necessary to [their] participation in this action or disclosing such documents or information to any person not entitled to receive them."  *Id.* at 20–21 (Disclosure Agreement).  Moreover, under the Standard Protective Order, Bard could have particularly identified documents the disclosure of which would have caused harm, rather than objecting to the disclosure of all documents designated Confidential/AEO, (*id.* ¶ 3(b))—a designation constituting approximately eighty-five percent of its production, (Opp'n 1–2, Doc. No. 565).  Instead of following this procedure, Bard chose an all or nothing approach with this motion.

---

[2] In this district, information designated confidential is governed by a Standard Protective Order. DUCivR 26-2(a)(1).

Given the procedural safeguards in place under the Standard Protective Order, Judge Rader and Mr. Kunin's agreement not to disclose any Confidential/AEO information, and the proffer that Judge Rader and Mr. Kunin are not presently consulting for medical device manufacturers and have not previously consulted regarding port products, the court finds the risk of harm to Bard sufficiently attenuated.

Third, to prevail, Bard must show the risk of harm outweighs the need for access. *Digital Equip. Corp.*, 142 F.R.D. at 491. Bard makes one argument here: that "there is no reason for legal experts to access Bard's Confidential Information." (Mot. 6, Doc. No. 563.) In support, Bard asserts that patent lawyers cannot "testify on 'technical issues' such as infringement or invalidity" and that Judge Rader and Mr. Kunin have no other expertise to offer. (Mot. 6–9, Doc. No. 563; *see also* Reply 2, Doc. No. 567.) Bard essentially asks the court to rule *as if* MedComp had already sought to designate Judge Rader and Mr. Kunin as testifying, expert witnesses.

However, MedComp seeks only to disclose Confidential/AEO information to Judge Rader and Mr. Kunin as technical advisors, a category broader than testifying experts. The Standard Protective Order defines "technical advisor" to include "outside experts or consultants retained to provide *technical or other expert services* such as expert testimony *or otherwise assist in trial preparation*." *See* Standard Protective Order, ¶ 2(e) (emphasis added). The order further provides that "[e]ach parties' TECHNICAL ADVISORS shall be limited to such person as, *in the judgment of that party's counsel*, are reasonably necessary for development and presentation of that party's case." *Id.* (emphasis added). MedComp has the prerogative to determine the advisors who will assist in trial preparation. Nothing forecloses MedComp from selecting Judge Rader and Mr. Kunin as technical advisors. The court declines to limit

6

MedComp's ability to effectively utilize its selected technical advisors based only on the assertion that these same advisors cannot also testify as experts.[3]  MedComp would suffer significant prejudice if unable to utilize its designated technical advisors to assist in trial preparation.  Given the Confidential/AEO designation of approximately eighty-five percent of Bard's production, denying these technical advisors access to Confidential/AEO information would severely impede their ability to assist MedComp with its case.  (Opp'n 1–2, Doc. No. 565.)  For these reasons, the court finds Bard has not shown the harm it might suffer through disclosure of its Confidential/AEO information to Judge Rader and Mr. Kunin outweighs MedComp's need to provide this information to its technical advisors to fully utilize their services and expertise.

Given that Bard has not met its burden and that MedComp has shown disclosure to its technical experts is necessary, the court declines to enter a separate protective order prohibiting MedComp from disclosing Confidential/AEO information to its designated technical experts, Judge Rader and Mr. Kunin.

---

[3] Bard also argues that if MedComp wants Judge Rader and Mr. Kunin to see its Confidential/AEO information, they should enter appearances as counsel, since they are both attorneys.  (Reply 2, Doc. No. 567.)  Bard has not cited any case law or authority prohibiting attorneys from acting as technical advisors.  The court will not dictate who MedComp can retain as technical advisors or as its counsel.  Such decisions are solely within MedComp's discretion.

## <u>CONCLUSION</u>

For the reasons set forth above, the court DENIES Bard's Motion for Entry of a

Protective Order (Doc. 563).

DATED this 31st day of August, 2020.

BY THE COURT:


_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge