UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC.; BARD PERIPHERAL VASCULAR, INC.; and BARD ACCESS SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC. a Pennsylvania corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (DOC NO. 916) AND DENYING PLAINTIFFS' RENEWED MOTION TO COMPEL (DOC. NO. 917)**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

The parties are engaged in extensive and hotly contested litigation concerning their respective patents on vascular access ports, a type of implanted medical device which allows for a reliable, convenient, and efficient means for blood sampling or infusing medications or contrast media.[1] Defendant Medical Components, Inc. ("MedComp") has filed a renewed short form motion for a protective order quashing Interrogatories 33 through 35 as contained in the "Seventh Set of Interrogatories to Defendant,"[2] served by Plaintiffs C.R. Bard, Inc., et al. (collectively "Bard"). Bard has also filed a correlative renewed short form motion to compel MedComp to respond to these same interrogatories.[3] As discussed below, where Bard's

---

[1] (*See, e.g.*, Pls.' First Am. Compl. ¶ 15, Doc. No. 21.)

[2] (*See* MedComp's Renewed Mot. for Protective Order ("Mot.") 3, Doc. No. 916; Ex. A to Mot. 2–3, Interrog. Nos. 33–35, Doc. No. 916-1.)

[3] (*See* Bard's Renewed Mot. to Compel Disc. ("Mot. to Compel"), Doc. No. 917.)

interrogatories are overly broad, unduly burdensome, and exceed the limits envisioned by the district judge, MedComp's motion for a protective order is granted in part, and Bard's motion to compel is denied.

## BACKGROUND

These motions concern just one of the patents at issue: Bard's Patent Number 8,025,639 ("the '639 patent").[4] In its operative pleading in this action, MedComp has alleged the affirmative defense of inequitable conduct.[5] The gist of this defense is that Bard and some of its agents, including one of the inventors of the '639 patent, knew some of the claims they were presenting in the patent were represented in prior art—therefore, not patentable—and yet they intentionally made material misrepresentations or omissions on that issue to mislead the Patent and Trademark Office (the "PTO").[6]

At the hearing in which the court granted MedComp's motion to amend its answer to plead inequitable conduct as an affirmative defense, the district judge noted MedComp must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO" in order to successfully assert the defense.[7] He also observed, after reviewing MedComp's then-proposed inequitable conduct allegations, "I don't find it particularly confusing as to what the nature of [MedComp's] allegations and contentions

---

[4] (*See id.* at 1; Mot. 2, Doc. No. 917.)

[5] (*See* MedComp's Fifth Am. Answer ¶¶ 181–262, Doc. No. 809.)

[6] (*See id.*)

[7] (*See* Hr'g Tr. (Oct. 21, 2021) ("Tr.") at 81:11–16, Doc. No. 797.)

2

are."[8] In fact, at the hearing, the district judge reviewed some of the proposed allegations, identifying a sample of those he concluded met those requirements.[9] Indeed, MedComp's inequitable conduct allegations detail, with citations to record evidence, (1) what Bard and its agents knew about prior art before it presented the '639 patent to the PTO, (2) who had that knowledge and when, (3) and how Bard and its identified agents misled the PTO.[10] And as the district judge recognized, "almost all of MedComp's evidence relating to inequitable conduct is in Bard's possession or is testimony provided by Bard's employees."[11]

Nevertheless, the district judge granted Bard leave to serve limited contention interrogatories on the inequitable conduct affirmative defense, advising, "I mean certainly, the contention interrogatories could . . . get out of hand, but I think if they were in good faith and carefully targeted, they might be appropriate."[12] The district judge further cautioned Bard to determine what it really needed in "good faith" and to not "overreach."[13] In essence, in its motion, MedComp claims Interrogatories 33 through 35 fail to follow these directives,[14] while in

---

[8] (*See id*. at 79:9–14.)

[9] (*See id.* at 81:23–84:1 (citing MedComp's proposed Fifth Am. Answer ¶¶ 195, 201, 202, 217, 231, 249, 236 & 252, Doc. No. 809).)

[10] (*See* Fifth Am. Answer ¶¶ 184–262, Doc. No. 809.)

[11] (*See* Tr. at 78:24–79:1, Doc. No. 797.)

[12] (*See id*. at 97:22–25.)

[13] (*See id*. at 98:24–99:3.)

[14] (*See* Mot. 3, Doc. No. 916.)

its corollary motion, Bard essentially contends Interrogatories 33 through 35 comport with these instructions.[15]

## ANALYSIS

Each of the interrogatories MedComp seeks to quash asks for MedComp's "factual and legal bases" for its contention that, (1) respectively, Todd Wight, Eric Ence, and Kelly Powers, had knowledge of approximately sixty separate and specifically identified exhibits cited by or relied upon by MedComp in its inequitable conduct allegations, and (2) why each of these persons had "knowledge of that information's materiality to the patentability of any claim of [the '639 patent]."[16] MedComp asserts that these interrogatories—given the more than sixty exhibits to which the contentions apply—each have "over 115 subparts," "amount to over 350 interrogatories" in total, and are "overly broad, unduly burdensome, and directly contrary to the Court's direction."[17]

For its part, Bard argues the district judge permitted the service of limited contention interrogatories, and Interrogatories 33 through 35 are "carefully correlated" with MedComp's inequitable conduct assertions.[18] Although Bard calls MedComp's argument that each interrogatory contains "over 115 subparts" "specious," Bard does not directly address whether

---

[15] (*See* Mot. to Compel 1, Doc. No. 917.)

[16] (*See* Ex. A to Mot. 2–3, Interrog. Nos. 33–35, Doc. No. 916-1.)

[17] (*See* Mot. 2–3, Doc. No. 916.)

[18] (*See* Pls' Opp'n to MedComp's Mot. 1, Doc. No. 944.)

4

interrogatories asking about contentions on sixty separate, expressly identified, individual exhibits should be considered discrete questions.[19]

In determining whether an interrogatory has discrete subparts, courts have concluded that if "the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question."[20] Here, each of the contested interrogatories has, at a minimum, two distinct and separate subparts: (1) why MedComp contends the person named in the interrogatory had knowledge of certain information; and (2) why MedComp contends that person's knowledge of the information was material to the patentability of the '639 patent.[21] But there is more: each interrogatory also asks for responses to these two separate questions for each exhibit expressly identified.[22] Because each of the three interrogatories references almost sixty exhibits, each effectively asks approximately 120 discrete questions, resulting in a total of nearly 360. Applying this reasoning, it is evident that Interrogatories 33 through 35 are overly broad, unduly burdensome, and go far beyond the limits envisioned by the district judge when he permitted Bard to serve limited, "carefully targeted" contention interrogatories. Accordingly, MedComp need not answer Bard's Interrogatories 33 through 35 as written.

---

[19] (*See id.*)

[20] *SMHG Phase I LLC v. Eisenberg*, No. 1:22-cv-0035, 2023 U.S. Dist. LEXIS 34450, at *4 (D. Utah Feb. 28, 2023) (unpublished) (quoting *Bartnick v. CSX Transp., Inc.*, No. 1:11-cv-1120, 2012 U.S. Dist. LEXIS 60047, at *6–7 (N.D.N.Y. Apr. 27, 2012) (unpublished)).

[21] (*See* Ex. A to Mot. 2–3, Interrog. Nos. 33–35, Doc. No. 916-1.)

[22] (*See id.*)

Further, as noted above, MedComp's inequitable conduct allegations are particularly detailed. They are especially detailed with regard to Kelly Powers, a senior vice president at Bard who was responsible for research and development, "headed Bard's Technology Team," chaired Bard's "Patent Committee," and was one of the named inventors of the '639 patent.[23] Moreover, as the district judge noted, "almost all of MedComp's evidence relating to inequitable conduct is in Bard's possession or is testimony provided by Bard's employees."[24] In view of this, MedComp's allegations provide the basis for its contentions regarding Mr. Powers on this issue; therefore, MedComp's motion to quash Interrogatory 35 is granted.

This leaves Interrogatories 33 and 34. Although the Tenth Circuit has concluded courts need not rewrite overly broad and unduly burdensome discovery demands,[25] recognizing the district judge's desire in this case to avoid more delay than necessary, the court proposes a reformulation of Interrogatories 33 and 34. Bard may ask MedComp to identify the basis for MedComp's contention that Todd Wight and Erik Ence each had knowledge of the information cited in or relied upon in MedComp's inequitable conduct allegations, and its contention as to why each of these persons had knowledge of the information's materiality to the patentability of the '639 patent. To preclude any doubt, these interrogatories may not ask about MedComp's contentions or these persons' knowledge as to specific exhibits.

---

[23] (*See* Fifth Am. Answer ¶¶ 192–213, 215–219, 225–252, 254–262, Doc No. 809.)

[24] (*See* Tr. at 78:24–79:1, Doc. No. 797.)

[25] *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1046–47 (10th Cir. 2017) ("While the magistrate judge certainly had the discretion to modify the discovery request to bring it within acceptable limits, he was not required to do so.").

Should Bard accept this reformulation, MedComp is directed to answer these reformulated interrogatories within thirty days of the filing date of this order. If Bard rejects this reformulation, the court, for the reasons noted above, will grant MedComp's motion to quash Interrogatories 33 and 34 as now written. Of course, Bard and MedComp may agree on some other reformulation, should they choose to do so.

## CONCLUSION

For the reasons discussed above, MedComp's motion[26] is granted in part and Bard's motion to compel[27] is denied.

DATED this 21st day of February, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 916.)

[27] (Doc. No. 917.)