UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING BARD'S MOTION FOR SANCTIONS AND FOR PROTECTIVE ORDER**<br>**(DOC. NO. 983)**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement case, Plaintiffs C.R. Bard, Inc. et al. (collectively "Bard") have filed a motion seeking sanctions and a protective order against Defendant Medical Components, Inc. ("MedComp"), arising from MedComp's conduct during the Rule 30(b)(6) deposition of Bard's corporate designee, Scott Rittman.[1] Essentially, Bard argues MedComp's examination of Mr. Rittman went beyond the scope of the designated topics on patent ownership, as limited by this court's prior rulings. Bard claims MedComp acted in "bad faith" and willfully ignored this court's order—and asks the court to sanction MedComp by striking the entirety of Mr. Rittman's deposition.[2] Bard also seeks a protective order regarding the questions MedComp asked outside of

---

[1] (*See* Overlength Mot. for Sanctions and for Protective Order ("Mot."), Doc. No. 983.)

[2] (*See id*. at 8–9.)

the scope of the permitted topics.[3] Because Bard has not justified the relief it seeks and the deposition transcript does not support it, Bard's motion is denied.[4]

## BACKGROUND

MedComp has focused some of its discovery efforts on the factual and legal issue of whether Bard holds legal title to the patents at issue in this action. On October 19, 2023, the court held a hearing on MedComp's renewed motion to compel Bard's compliance with a notice of deposition, under Rule 30(b)(6) of the Federal Rules of Civil Procedure, to produce a witness on various topics related to patent ownership.[5] MedComp identified nineteen deposition topics in its Rule 30(b)(6) notice.[6] During a more than three-hour hearing, the court and counsel examined the topics to determine which were relevant to the patent ownership issue. Ultimately, the court narrowed the scope of some of the topics as identified on the record and excluded five of the nineteen in entirety.[7] For the most part, the court made it clear the topics must relate to the "patents-in-suit." Among the topics deemed off-limits were the "accounting procedures applicable to transfers of interests in or rights from any Bard Patent-in-Suit," and

---

[3] (*See id*. at 9–10.)

[4] Pursuant to Rule 37-1(b)(5)(B) of the Local Rules of Civil Practice, oral argument is unnecessary; this decision is based on the parties' written briefing.

[5] (*See* MedComp's Mot. to Compel Compliance with Notice of Deps. ("Mot. to Compel"), Doc. No. 921; Hr'g Tr. (Oct. 19, 2023), Doc. No. 968.)

[6] (*See* Ex. A to Mot. to Compel, Notice of Deps. ("Notice of Deps."), Doc. No. 923-1 (sealed).)

[7] (*See generally* Hr'g Tr. 8–94, Doc. No. 968; *see also* Order Granting in Part and Den. in Part MedComp's Mot. to Compel Compliance with Notice of Deps. ("Order re: Deps."), Doc. No. 966.)

"Revenue allocated to Bard Shannon by virtue of the Distribution Agreement, including but not limited to revenues attributable to the Patents-In-Suit."[8]

On February 13, 2024, the Rule 30(b)(6) deposition was conducted. Bard presented Scott Rittman as its witness—a patent attorney who had previously worked as the vice president for intellectual property at Bard and who is currently working at Becton Dickinson and Company, the entity that acquired Bard in late 2017.[9] What followed was far from a perfect deposition. Discovery in this action has been contentious and counsels' conduct at Mr. Rittman's deposition was true to this pattern. Despite the court's extended effort to provide some clarity as to the scope of permissible topics, counsel geared up for a fight. Indeed, even before any questions were asked, counsel for Bard indicated he would vigorously enforce his view of the permissible scope of the deposition topics.[10] He further forecast (correctly as it turns out) that "given what I know about these litigations, I would not be surprised if we have different opinions as to what the meaning of the Court's order is."[11]

## ANALYSIS

In its motion, Bard seeks sanctions against MedComp for asking some questions Bard perceived as outside the scope of the Rule 30(b)(6) topics as limited by this court.

---

[8] (*See* Order re: Deps. 3–4, Doc. No. 966; Notice of Deps., Doc. No. 923-1 at 7–8 (Topics 6, 15) (sealed).)

[9] (*See, e.g.*, Ex. B to Mot., Rittman Dep. ("Rittman Dep.") 13:20–24:7, Doc. No. 985-2 (sealed).)

[10] (*See id.* at 7:13–9:7.)

[11] (*See id.* at 8:22–9:2.)

Even though much of the testimony was within the scope of the permissible topics, Bard wants the court to strike the entirety of Mr. Rittman's deposition.[12] However, Bard does not present any authority supporting such a broad preclusive sanction under these circumstances.[13]

Although Bard claims MedComp acted in bad faith by examining Mr. Rittman on topics outside the scope of the court's order,[14] as noted above, Bard was fully cognizant the parties' interpretations would differ as to what topics were permissible. That some questions in a seven-hour deposition pressed against that line, or perhaps even breached it, does not establish bad faith sufficient to warrant the draconian sanction Bard seeks.[15]

---

[12] (*See* Mot. 9, Doc. No. 983.)

[13] Bard's cited authority is inapposite. In *Boulder Falcon, LLC v. Brown*, No. 2:22-cv-42, 2023 U.S. Dist. LEXIS 54514, at *43–44 (D. Utah Mar. 8, 2023) (unpublished), the court found sanctions warranted where the deposition was taken to "unnecessarily make a record of the plaintiff's purported document dump" and the questions lacked a good-faith basis. The court noted this practice was "hardly proper" under the rules and was not "fair." *Id*. at *44. No such conduct is present here. Moreover, even in *Boulder Falcon*, despite the egregious conduct of the examining attorney, the court allowed a retake of the deposition, albeit in a more limited timeframe and under the court's direct supervision. *See id*. at *45–46.

[14] (*See* Mot. 8, Doc. No 983.)

[15] Although Bard cites to *Park Cityz Realty, LLC v. Archos Cap., LLC*, 2:20-cv-522, 2021 U.S. Dist. LEXIS 175974 (D. Utah Sept. 15, 2021) (unpublished), the case does not advance Bard's position. In *Park Cityz Realty*, the court initially concluded sanctions against the defendant were warranted for failing to appear at her deposition but deferred on what "reasonable expenses" it should award the plaintiffs, deeming the amount sought unreasonable. *Id.* at *3–4. The court ordered the plaintiffs to file a "cost" memo, addressing the categories of costs the court deemed appropriate. *Id.* at *4–6. After reviewing that submission, the court found the new request excessive because the plaintiffs sought even more than before and included amounts already deemed unrecoverable. *Id.* at *6–7. The court, noting the plaintiffs' "course of conduct manifests

Further, a review of the deposition transcript suggests Bard's counsel often crossed the line as to his interpretation of permissible examination topics. At the outset, Bard's counsel improperly claimed certain questions were "outside the scope." For example, when MedComp probed Mr. Rittman's prior history as a Rule 30(b)(6) witness—an entirely appropriate foundational topic—Bard's counsel objected to such questions as "outside the scope."[16] He also objected to questions asking when Mr. Rittman began working for Bard, which reflect another permissible foundational topic.[17]

In addition, Bard's counsel broadly objected to questions concerning Mr. Rittman's understanding of "exclusionary patent rights" as outside the scope,[18] despite the fact that several topics approved by the court expressly refer to "exclusionary patent rights."[19] Similarly, Bard's counsel improperly objected to questions as to who "has the authority to police and sue for infringement of the Patents-in-Suit"—an exclusionary right—as "[o]utside the scope."[20] And when Mr. Rittman answered that "Patent ownership is legal ownership," Bard's counsel objected as "outside the scope" to

---

bad faith and willful violation of the court's order," sua sponte sanctioned the plaintiffs by reducing the initial sanction award to $0. *Id*. at *7–8. Here, even assuming some of MedComp's questions fell outside the scope of permitted topics, its conduct does not approach the bad faith and vexatious conduct in *Park Cityz Realty*.

[16] (*See, e.g.*, Rittman Dep. 26:10–27:4, Doc. No. 985-2 (sealed).)

[17] (*See id*. at 27:19–22.)

[18] (*See, e.g.*, *id*. at 30:10–33:19.)

[19] (*See, e.g.*, Notice of Deps., Doc. No. 923-1 at 7–8 (Topics 3–5, 7, 10, 17) (sealed).)

[20] (*See* Rittman Dep. 83:12–16; 83:24–84:5, Doc. No. 985-2 (sealed).)

MedComp's follow-up question asking Mr. Rittman to explain legal ownership.[21]  There were many more, similar objections lodged throughout the deposition.[22]

There is no question, MedComp's examination was also flawed.  As Bard notes in its motion, some of MedComp's counsel's questions veered into areas outside foundational questions and the permitted topics.[23]  Yet the relief Bard seeks for this transgression—striking the entire Rittman deposition—is wholly divorced from the purported harm.  A more fitting request would have been a precise purging; but Bard did not ask for this.  And it is not the court's place to do this work for Bard or to modify the relief it seeks.  However, to the extent questions outside the scope were asked and answered by the witness, any such answers are not binding on Bard.[24]  And where, as

---

[21] (*See id*. at 68:7–12.)

[22] In addition, Bard's counsel engaged in extended improper speaking objections during the deposition. (*See, e.g.*, *id.* at 90:2–91:24; 98:19–100:10; 101:6–23; 109:7–110:25; 124:12–125:7; 226:11–228:2.)  MedComp's response to Bard's motion identifies many other excessive speaking objections.  (*See* MedComp's Resp. to Bard's Mot. for Sanctions and for Protective Order 4 n.2 ("MedComp's Resp."), Doc. No. 989.)

[23] (*See* Mot. at 2–7, Doc. No. 983.)

[24] *See, e.g.*, *EEOC v. Freeman*, 288 F.R.D. 92, 99 (D. Md. 2012) ("The [30(b)(6)] deponent's answers to questions outside the scope of the notice will not bind the organization, and the organization cannot be penalized if the deponent does not know the answer."); *see also Ludvik Elec. Co. v. Vanderlande Indus., Inc.*, No. 2:21-cv-0462, 2023 U.S. Dist. LEXIS 226170, at *11 (D. Utah Dec. 19, 2023) (unpublished) (noting that like any other deposition testimony a Rule 30(b)6) designee's testimony does not bind a party on its legal theories or defenses).

was often the case, the witness could not answer the question, MedComp is stuck with that (lack of) answer.[25]

The fact that the court did not expressly prohibit MedComp from asking questions outside the permissible topics was not an invitation for MedComp to fish for information unrelated to the topics.  But a review of the Rittman deposition does not reveal this sort of fishing expedition.  Arguably, even the questions about tax forms and profit allocations fall withing the broad scope of Topic 1, the "[o]wnership of the Bard's Patents-in-Suit" and topics 16, 17 and 18.[26]  And many of MedComp's questions were permissible preliminary or foundational questions.  Notably, MedComp's counsel did not ask repetitive or harassing questions.  He did not argue with or harangue the witness.  And he did not impede or frustrate the deposition.  There is nothing in the examination of Mr. Rittman establishing the sort of bad faith or severe or abusive conduct that would warrant any sanction, much less the sanction of striking the entire Rittman deposition.[27]

---

[25] *See King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) (explaining "if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem").

[26] Also, it is well recognized that the questioning of a Rule 30(b)(6) deponent is not necessarily limited to the designated topics.  *See, e.g., id.* at 476 (acknowledging that questions outside the scope of the designated topics may be asked).  To constrain such questioning solely to matters indisputably within the designated topics, as Bard attempts here, might stymie one of the laudable benefits of depositions more generally, *i.e.,* the opportunity to explore undisclosed areas that are revealed by the deponent's testimony.

[27] *See GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 196 (E.D. Pa. 2008) (awarding sanctions under Fed. R. Civ. P. 30(d)(2) after concluding that conduct at the deposition was "severe, repeated, and pervasive").

7

The vigorousness with which this action and the related actions have been litigated evidences the high stakes involved.  Recent data suggests the global market for vascular access devices to be $5.6 billion in 2023.[28]  Given these stakes, it's no wonder the parties passionately pursue potential marginal gains in litigation.  But ultimately, these claims will be decided on the merits on a fully developed record, in accordance with the law.  The parties' (and the court's) energies are better focused on the substantive issues, not the litigation "fight."  Bard's motion for sanctions and request for a protective order[29] is denied.[30]

DATED this 14th day of May, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[28] *See* Vascular Access Device Market, Markets and Markets, https://perma.cc/U4AN-T92F.

[29] (Doc. No. 983.)

[30] Insofar as Bard's request for a protective order is concerned, in a related motion in *C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. v. Medical Comps., Inc.*, No. 2:12-cv-0032 (D. Utah) ("Port I"), MedComp sought additional Rule 30(b)(6) deposition time with a different "tax witness."  (*See* Port I, Doc. No. 834.)  In an order entered on that motion, the court denied MedComp's request, which moots Bard's need for a protective order.  (*See* Port I, Mem. Decision and Order Granting in Part and Den. in Part MedComp's Mot. for Add'l Juris. Disc., Doc. No. 866.)