UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC.; BARD PERIPHERAL VASCULAR, INC.; and BARD ACCESS SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING AS MOOT DEFENDANT'S SHORT FORM DISCOVERY MOTION AND DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY (DOC. NOS. 1041 & 1037)**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this protracted patent-infringement case, Defendant Medical Components, Inc. ("MedComp") has now filed two motions: a motion for leave to file a surreply[1] in support of MedComp's pending motion to stay,[2] and a motion to take an additional deposition and supplement MedComp's expert reports.[3] Both of MedComp's motions are premised on the argument that the rebuttal expert reports of Plaintiffs (collectively, "Bard") rely on trial testimony Bard previously contended was irrelevant.[4] MedComp argues this inconsistency entitles MedComp to re-depose Kelly Powers,[5] supplement its

---

[1] (Mot. for Leave to File Surreply in Supp. of Mot. to Stay ("Surreply Mot."), Doc. No. 1037.)

[2] (*See* Def.'s Mot. to Stay Pending Fed. Cir. Resol. of the Validity of Claims Using Terms Present in Bard's Asserted Claims ("Mot. to Stay"), Doc. No. 1029.)

[3] (Def.'s Short Form Disc. Mot. to Take Dep. and Suppl. Expert Reps. ("SFDM"), Doc. No. 1041.)

[4] (*See* Surreply Mot. 2, Doc. No. 1037; SFDM 2, Doc. No. 1041.)

[5] Mr. Powers is Bard's former Vice President of Research and Development. (Pls.' Opp'n to MedComp's Short Form Mot. to Take Dep. and Suppl. Expert Reps. ("Opp'n to SFDM") 1, Doc. No. 1043.)

1

expert reports, and file a surreply in support of its pending motion to stay.[6] As explained below, where Bard represents it has now submitted amended expert reports which no longer rely on the disputed testimony, MedComp's motions are denied as moot.

## ANALYSIS

MedComp's arguments relate to Bard's position in opposing MedComp's motion to stay, which was filed on June 14, 2024 and remains pending.[7] MedComp seeks to stay this case pending the Federal Circuit's resolution of an appeal in *C.R. Bard v. AngioDynamics*,[8] a case in which the District of Delaware invalidated some of Bard's patents based on indefinite claim terms.[9] MedComp argues the patents in this case use the same or similar claim terms, which means the Federal Circuit's decision may affect this case.[10] In opposing MedComp's motion to stay, Bard argues the *AngioDynamics* indefiniteness ruling is irrelevant to this case. Specifically, Bard argues the patent claim elements in that case differ from those in this case, and MedComp did not raise the same indefiniteness contentions at issue in *AngioDynamics*.[11]

After briefing on MedComp's motion to stay was complete, Bard served its expert rebuttal reports, several of which cited Kelly Powers' testimony from the *AngioDynamics*

---

[6] (*See* Surreply Mot. 2, Doc. No. 1037; SFDM 2–3, Doc. No. 1041.)

[7] (*See* Mot. to Stay, Doc. No. 1029.)

[8] No. 1:15-cv-00218 (D. Del. filed Mar. 10, 2015).

[9] (*See* Mot. to Stay 3–4, Doc. No. 1029.)

[10] (*Id.* at 4–8.)

[11] (*See* Bard's Opp'n to MedComp's Mot. to Stay 3–7, Doc. No. 1032.)

trial.[12]  MedComp now seeks to file a surreply in support of its motion to stay, arguing MedComp should be permitted to address Bard's inconsistent position (claiming *AngioDynamics* is irrelevant while simultaneously relying on trial testimony from that case).[13]  MedComp also seeks to depose Mr. Powers again and to supplement its own expert reports—all to address Bard's new reliance on the *AngioDynamics* testimony.[14]

In response, Bard contends its experts only cited to portions of Mr. Powers' *AngioDynamics* testimony discussing background information about the development of power injectable ports which was already included in Mr. Powers' testimony in this case.[15]  Despite this, Bard represents it has now served amended rebuttal expert reports which cite other testimony and documents produced in this case rather than Mr. Powers' *AngioDynamics* trial testimony.[16]

Bard's amended reports render MedComp's motions moot.  MedComp bases its request to file a surreply, to re-depose Mr. Powers, and to supplement its expert reports on Bard's rebuttal expert reports' reliance on *AngioDynamics* trial testimony.[17]  Where Bard represents it has now served amended reports which do not rely on Mr. Powers'

---

[12] (*See* Surreply Mot. 2, Doc. No. 1037; SFDM 2–3, Doc. No. 1041.)  Mr. Powers is listed as an inventor on several Bard patents, including the five at issue in this case. (*See* Opp'n to SFDM1, Doc. No. 1043.)

[13] (*See* Surreply Mot. 3–5, Doc. No. 1037.)

[14] (*See* SFDM 2–3, Doc. No. 1041.)

[15] (*See* Opp'n to SFDM 1, Doc. No. 1043; Pls.' Opp'n to MedComp's Mot. for Leave to File Surreply in Supp. of Mot. to Stay ("Opp'n to Surreply Mot.") 1, Doc. No. 1044.)

[16] (Opp'n to SFDM 2, Doc. No. 1043; Opp'n to Surreply Mot. 1–2, Doc. No. 1044.)

[17] (*See generally* SFDM, Doc. No. 1041; Surreply Mot., Doc. No. 1037.)

*AngioDynamics* trial testimony, MedComp's motions lack justification.[18]  Accordingly, based on Bard's representations, MedComp's motion for leave to file a surreply and MedComp's short form discovery motion are denied as moot.[19]

## CONCLUSION

Because Bard represents it has served amended rebuttal expert reports which do not rely on Mr. Powers' *AngioDynamics* trial testimony, MedComp's motion for leave to file a surreply[20] and MedComp's short form discovery motion[21] are both denied as moot.

DATED this 25th day of September, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[18] MedComp itself suggested amendment of Bard's reports may moot its motions.  (*See* SFDM 3, Doc. No. 1041 ("[D]uring the parties' meet and confer on this issue, MedComp suggested that Bard simply revise the expert reports to exclude reference to the *AngioDynamics* testimony . . . .").)

[19] While MedComp has yet to file a reply in support of its surreply motion, MedComp requested expedited treatment of this dispute because the relevant expert depositions begin October 1, 2024.  (*See id.*)  And courts have discretion to rule on motions before a reply is filed.  *See United States v. Bonilla*, No. 23-5096, 2024 U.S. App. LEXIS 9378, at *4 (10th Cir. Apr. 18, 2024) (unpublished).

[20] (Doc. No. 1037.)

[21] (Doc. No. 1041.)