UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY (DOC. NO. 1029)**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs (collectively, "Bard") brought this case in 2017, bringing patent infringement claims relating to their power injectable port technology.[1] In a separate case brought in the District of Delaware against AngioDynamics, Inc., Bard is asserting patent infringement claims involving the same subject matter but different patents.[2] In the *AngioDynamics* case, the District of Delaware granted AngioDynamics' motion for judgment as a matter of law, finding Bard's asserted patent claims invalid for indefiniteness.[3] That holding is presently on appeal before the Federal Circuit. Nearly a year after the *AngioDynamics* appeal was filed, MedComp has now filed a motion to stay this case pending the Federal Circuit's decision in *AngioDynamics*.[4] Although the

---

[1] (*See* Compl., Doc. No. 2.)

[2] *See CR Bard Inc. v. AngioDynamics, Inc.*, 675 F. Supp. 3d 462, 467 (D. Del. 2023).

[3] *See id.* at 477–79.

[4] (Def.'s Mot. to Stay Pending Fed. Cir. Resol. of the Validity of Claims Using Terms Present in Bard's Asserted Claims ("Mot."), Doc. No. 1029.)

*AngioDynamics* litigation involves different patents than this case, MedComp contends the patent claims in both cases use the same or essentially the same terms.[5] As a result, MedComp contends this case should be stayed, arguing the Federal Circuit's decision may render the patent claims Bard asserts in this case invalid.[6] MedComp also filed a motion to stay in a related case in this district (a case involving the same patent family), which the court denied.[7]

## ANALYSIS

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[8] But "the right to proceed in court should not be denied except under the most extreme circumstances."[9] Accordingly, a party seeking a stay "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[10]

---

[5] (*See id.* at 2–3.)

[6] (*Id.*)

[7] *See C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-00032, 2024 U.S. Dist. LEXIS 225476, at *8–9 (D. Utah Dec. 12, 2024) (unpublished) (finding MedComp failed to "meet the legal standard that would entitle [it] to a stay").

[8] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[9] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

[10] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal quotation marks omitted) (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). MedComp contends the Federal Circuit stay standard applies "where a prior decision on patent validity is involved." (Def.'s Reply Br. in Supp. of Mot. to Stay 3, Doc. No. 1035 (quoting *White Knuckle IP, LLP v. Elec. Arts Inc.*, No. 1:15-cv-00036, 2016 U.S. Dist. LEXIS 95341, at *6 (D. Utah July 20, 2016)

This case has been pending for more than seven years, and Bard notes its patents are moving "closer and closer to expiry."[11] This establishes "a fair possibility" a stay would damage Bard, meaning MedComp "must show a clear case of hardship or inequity."[12] MedComp's motion to stay—filed a year after the *AngioDynamics* appeal—fails to do so. MedComp argues a stay "will provide guidance that will inform the course of the present proceedings, potentially simplify the issues, and promote judicial economy."[13] But these justifications do not meet the legal standard for a stay. First, the *AngioDynamics* appeal may not necessarily inform or simplify this case, where it involves different patent claims with different specifications. Further, the District of Delaware's ruling was based largely on expert testimony at trial—testimony which may differ from the evidence presented in this case.[14] Finally, considerations of judicial economy "should rarely if ever lead to [] broad curtailment of the access to the courts."[15] In sum, MedComp fails to establish "a clear case of hardship or inequity."[16]

---

(unpublished)).) But as explained in a related case, courts typically apply the Federal Circuit standard only when deciding whether to stay litigation pending *inter partes* proceedings before the United States Patent and Trademark Office. *See Med. Components*, 2024 U.S. Dist. LEXIS 225476, at *6–8.

[11] (*See* Bard's Opp'n to MedComp's Mot. to Stay 3, Doc. No. 1032.)

[12] *See Creative Consumer Concepts*, 563 F.3d at 1080 (internal quotation marks omitted) (quoting *Ben Ezra*, 206 F.3d at 987).

[13] (Mot. 9, Doc. No. 1029.)

[14] *See AngioDynamics*, 675 F. Supp. 3d at 478.

[15] *Commodity Futures*, 713 F.2d at 1485.

[16] *See Creative Consumer Concepts*, 563 F.3d at 1080.

CONCLUSION

Because MedComp fails to show a stay is warranted, its motion to stay[17] is denied.

DATED this 15th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[17] (Doc. No. 1029.)