UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S SHORT FORM MOTIONS TO STRIKE AMENDED REBUTTAL (DOC. NOS. 1168 & 1171)**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Medical Components ("MedComp") seeks to strike a pair of amended expert reports served by Plaintiffs (collectively, "Bard").[1] MedComp argues Bard served the amended reports without seeking leave to do so, and Bard's counsel improperly participated in preparing one of the amended reports.[2] Because the amended reports contain only minor edits MedComp specifically invited and there is no evidence of improper counsel involvement, MedComp's motions are denied.

BACKGROUND

In August 2024, the parties served their final round of expert reports. Soon after, MedComp filed several motions challenging Bard's reports. First, MedComp filed a motion for leave to serve supplemental expert reports, arguing three of Bard's reports

---

[1] (*See* Def.'s Short Form Mot. to Strike Am. Rebuttal Rep. of Dr. Roche ("Roche Mot."), Doc. No. 1168; Def.'s Short Form Mot. to Strike Am. Rep. of John M. Whealan ("Whealan Mot."), Doc. No. 1171.)

[2] (*See* Roche Mot. 1–2, Doc. No. 1168; Whealan Mot. 1–3, Doc. No. 1171.)

1

(including John M. Whealan's report) impermissibly relied on trial testimony Bard previously contended was irrelevant.[3] In response, Bard served amended expert reports removing the citations to the disputed testimony.[4] The court denied MedComp's motion as moot, where the reports no longer relied on the disputed testimony.[5]

Separately, MedComp filed two additional motions for leave to serve supplemental expert reports, this time arguing a different Bard expert report (the report of Dr. Ellen Roche) contained "new factual assertions," including that a certain chemical entity is a plasticizer.[6] Bard opposed the motions but also served an amended report by Dr. Roche, which removed the disputed language regarding whether the chemical entity is a plasticizer.[7] The court denied MedComp's motions, because the "new factual

---

[3] (*See* Def.'s Short Form Mot to Take Dep. and Suppl. Expert Reps. 2–3, Doc. No. 1041.)

[4] (*See* Pl.'s Opp'n to MedComp's Short Form Mot. to Take Dep. and Suppl. Expert Reps. 2, Doc. No. 1043 ("Today, Bard served amended expert reports that remove all citations to Mr. Powers' 2022 trial testimony and replaces them with citations to Mr. Powers' earlier testimony and/or documents produced in this action, all of which were available to MedComp before it served its expert reports in 2021.").)

[5] (*See* Mem. Decision and Order Den. as Moot Def.'s Short Form Disc. Mot. and Def.'s Mot. for Leave to File Surreply 3–4, Doc. No. 1053.)

[6] (*See* Def.'s Short Form Mot. for Leave to Serve Suppl. Expert Rep. of Dr. Cooper Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Rep. 2–3, Doc. No. 1050; Def.'s Short Form Mot. for Leave to Serve Suppl. Expert Rep. of Lois Romans Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Rep. 2–3, Doc. No. 1055.)

[7] (*See* Pls.' Opp'n to Def.'s Mot for Leave to Serve Suppl. Expert Rep. of Dr. Cooper Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Rep., Doc. No. 1060; Pls.' Opp'n to Def.'s Short Form Mot. for Leave to Serve Suppl. Rebuttal Expert Rep. of Lois Romans Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Rep., Doc. No. 1071; *see also* Ex. 2 to Roche Mot., Corrected Rebuttal Rep. of Ellen Roche, Ph.D, Doc. No. 1070-2 (sealed).) In its briefing at the time, Bard neglected to mention it

2

assertions" simply reflected responses to MedComp's expert reports: "The fact that Bard's expert disagrees with MedComp's experts does not entitle MedComp to serve supplemental reports."[8]

Now, nearly four months later, MedComp moves to strike Bard's amended reports, arguing that because they "materially changed" the experts' opinions, Bard should have moved for leave to serve them.[9]

## ANALYSIS

MedComp's position is perplexing. MedComp filed several motions contending Bard's original expert reports impermissibly relied on certain testimony and factual assertions. To address MedComp's concerns, Bard served amended reports removing the disputed testimony and assertions. Now, MedComp takes issue with Bard's amended reports because Bard removed the disputed testimony and assertions. But Bard's amended reports merely resolved the objections MedComp itself raised. In fact, in its earlier motion challenging Mr. Whealan's report, MedComp invited Bard to "simply revise the expert reports to exclude reference to the [disputed] testimony."[10] MedComp cannot now—four months later—complain of Bard's revisions, nor can it press Bard to

---

had served an amended report from Dr. Roche. But this omission does not affect the analysis below—where the amendments merely addressed concerns MedComp raised.

[8] (*See* Order Den. Def.'s Short Form Mots. for Leave to Serve Suppl. Expert Reps. 4, Doc. No. 1101.)

[9] (*See* Roche Mot. 1–2, Doc. No. 1168; Whealan Mot. 1–2, Doc. No. 1171.)

[10] (*See* Def.'s Short Form Mot. to Take Dep. and Suppl. Expert Reps. 3, Doc. No. 1041 ("[D]uring the parties' meet and confer on this issue, MedComp suggested that Bard simply revise the expert reports to exclude reference to the [disputed] testimony and instead cite only to Powers' deposition testimony.").)

revert to its original reports, particularly where the substance of the reports has already been litigated.

Separately, MedComp also seeks to strike Mr. Whealan's amended report because it is "not his work but the work of Bard's litigation counsel."[11] MedComp contends "the signature page on the Amended Report was identical to the signature page of the original report," and Mr. Whealan "admitted" during his deposition that "Bard's attorneys simply attached the signature page from his original report."[12] MedComp also relies on Mr. Whealan's deposition testimony acknowledging Bard's counsel "had to swap out some cites" in response to MedComp's objections to his report, and Mr. Whealan did not personally "determine what the new cites would be."[13] In response, Bard contends "[i]t is hardly surprising that counsel did not shift the burden of digging through four and a half years' worth of discovery to Mr. Whealan"—and Mr. Whealan "reviewed the Amended Report before it was served" and "gave counsel permission to affix his signature."[14]

MedComp's arguments fail. The fact that the reports contained the same signature page is inconsequential; it is unclear how this fact raises any inference that

---

[11] (Whealan Mot. 2–3, Doc. No. 1171.)

[12] (*Id.* at 2 (citing Ex. 3 to Whealan Mot., Dep. of John M. Whealan (Oct. 4, 2024) ("Whealan Dep.") 52:07–53:03, Doc. No. 1173-3 (sealed)).) Though not explicitly stated, MedComp appears to take issue with the fact that the signature page on the amended report contained the same date as the original report.

[13] (*Id.* at 3 (citing Whealan Dep. at 53:05–54:24, Doc. No. 1173-3 (sealed)).)

[14] (Opp'n to Def.'s Short Form Mot. to Strike Am. Rep. of John M. Whealan 2–3, Doc. No. 1181.)

Bard's counsel wrote the report.[15] Nor does Mr. Whealan's deposition testimony call the integrity of his amended report into question. A review of the reports shows the amended report replaces certain record citations—while Mr. Whealan's substantive opinion remained unchanged.[16] At most, the testimony MedComp cites suggests Bard's counsel modified Mr. Whealan's record citations—with Mr. Whealan's full review and approval. Such limited involvement by counsel is not improper.[17] This is not a case where counsel "prepare[d] the expert's opinion from whole cloth" or "ghost wrote" the entire report.[18]

---

[15] *Cf. Marek v. Moore*, 171 F.R.D. 298, 302 (D. Kan. 1997) ("The court finds no sufficient difference between the original and later versions of the report that should disqualify [the attorney-revised report] as one prepared in substance by the witness. That the typing of the second report was done by the staff of the attorney, rather than by the witness, does not change this fact.").

[16] (*Compare, e.g.*, Ex. 1 to Mot., Rebuttal Expert Rep. of John M. Whealan ¶ 122, Doc. No. 1173-1 (sealed), *with* Ex. 2 to Mot., Am. Rebuttal Expert Rep. of John M. Whealan ¶ 122, Doc. No. 1173-2 (sealed) (changing citation from Kelly Powers' trial testimony to Kelly Powers' deposition testimony, while leaving substantive language unchanged).)

[17] *See, e.g.*, *In re Broiler Chicken Grower Antitrust Litig.*, No. 6:20-md-02977, 2024 U.S. Dist. LEXIS 87459, at *19–21 (E.D. Okla. May 15, 2024) (unpublished) (denying motion to exclude expert report despite testimony suggesting "a lack of knowledge concerning the preparation of his report," because Rule 26 "does not preclude counsel from providing assistance to experts in preparing the reports" (quoting Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 1993 amendment)); *Marek*, 171 F.R.D. at 302 (denying motion to strike expert report because nothing in the record suggested "some supervening domination over the witness by counsel or some improper conduct by [counsel or the expert] to support an argument that the report is not that of the witness"); *Wells v. BNSF Ry. Co.*, No. CV-21-97, 2023 U.S. Dist. LEXIS 204943, at *8–10 (D. Mont. Nov. 15, 2023) (unpublished) (denying motion to strike expert report drafted in part by counsel, because the report "reflect[ed] adequately" the expert's opinion, and the expert "reviewed the cited materials to ensure the citations were accurate").

[18] *See In re Broiler Chicken Grower Antitrust Litig.*, 2024 U.S. Dist. LEXIS 87459, at *19 ("Rule [26] does not permit counsel to 'prepare the expert's opinion from whole cloth, and then have the expert sign the drafted report as his own.' In other words, an expert's report may not be 'ghost written' by counsel." (citations omitted)).

## CONCLUSION

Because MedComp cannot challenge (four months after the fact) amendments it invited Bard to make, and nothing in Mr. Whealan's report suggests improper counsel involvement, MedComp's motions to strike[19] are denied.

DATED this 22nd day of January, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[19] (Doc. Nos. 1168 & 1171.)