UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL COMPONENTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>Case No. 2:17-cv-00754<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

In this patent infringement case, the parties have filed several motions[1] for leave to file documents under seal. None of the motions are opposed. For the reasons explained below, the motions are granted.

## LEGAL STANDARDS

"Courts have long recognized a common-law right of access to judicial records."[2] Indeed, the District of Utah's local rules provide that court records are "presumptively open to the public," and sealing of court records is "highly discouraged."[3] However, the

---

[1] (Doc. Nos. 1038, 1042, 1045, 1051, 1056, 1059, 1062, 1065, 1070, 1072, 1076, 1078, 1081, 1084, 1089, 1093, 1097, 1100, 1117, 1121, 1125, 1130, 1133, 1136, 1139, 1142, 1145, 1148, 1151, 1154, 1157, 1160, 1163, 1166, 1169, 1172, 1175, 1183–90, 1192–93, 1197, 1200, 1203, 1206, 1209, 1211, 1215, 1218, 1220, 1224, 1227, 1231, 1234, 1237, 1240, 1245–52, 1254, 1257, 1261, 1264, 1267, 1270, 1273, 1277, 1281, 1284, 1288, 1291–93.)

[2] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[3] DUCivR 5-3(a)(1).

1

right of public access is "not absolute."[4] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[5] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[6] For example, documents containing "sensitive, proprietary information concerning [a party's] business practices" may properly be sealed.[7] Finally, under the local rules, a motion to seal must be "narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[8]

## ANALYSIS

A. <u>Motions to Seal Relating to MedComp's Motion for Leave to File Sur-Reply</u>

The parties both move[9] to seal portions of MedComp's Motion for Leave to File Sur-Reply in Support of MedComp's Motion to Stay, and portions of Exhibit A thereto.[10]

---

[4] *Colony Ins. Co.*, 698 F.3d at 1241 (citation omitted).

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

[8] DUCivR 5-3(b)(2)(A).

[9] (Doc. No. 1038 (MedComp's motion to seal); Doc. No. 1042 (Bard's motion to seal).)

[10] (Doc. Nos. 1039, 1039-1.)

Bard also moves[11] to seal Exhibits 1 and 2 to its opposition to MedComp's motion for leave to file a sur-reply.[12] MedComp's motion for leave to file a sur-reply was not addressed on the merits—the court denied the motion as moot.[13] Under these circumstances, the public's interest in access to the sealed documents is minimal and is outweighed by the confidentiality interests articulated in the parties' motions to seal. These motions to seal[14] are granted. The documents at issue[15] shall remain sealed until otherwise ordered.

  B. Motions to Seal Relating to MedComp's Motion for Leave to Serve Supplemental Expert Report of Dr. Cooper

MedComp moves[16] to seal portions of its Short Form Motion for Leave to Serve Supplemental Expert Report of Dr. Cooper Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Report, and Exhibit 1 thereto,[17] based on Bard's confidentiality designations. Bard moves[18] to seal the same documents, arguing they contain Bard's confidential business information.

---

[11] (Doc. No. 1045.)

[12] (Doc. Nos. 1046-1, 1046-2.)

[13] (*See* Mem. Decision and Order Den. as Moot Def.'s Short Form Disc. Mot. and Def.'s Mot. for Leave to File Surreply, Doc. No. 1053.)

[14] (Doc. Nos. 1038, 1042, 1045.)

[15] (Doc. Nos. 1039, 1039-1, 1046-1, 1046-2.)

[16] (Doc. No. 1051.)

[17] (Doc. Nos. 1052, 1052-1.)

[18] (Doc. No. 1059.)

A review of the sealed documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information. Where the documents are filed in connection with briefing on a nondispositive motion, Bard's confidentiality interests outweigh the public's interest in access at this stage.[19] These motions to seal[20] are granted. The documents at issue[21] shall remain sealed until otherwise ordered.

C. Motions to Seal Relating to MedComp's Motion for Leave to Serve Supplemental Expert Report of Lois Romans

MedComp moves[22] to seal portions of its Short Form Motion for Leave to Serve Supplemental Rebuttal Expert Report of Lois Romans Upon Identifying New Factual Assertions in Dr. Roche's Rebuttal Report, and Exhibit 1 thereto,[23] based on Bard's confidentiality designations. Bard moves[24] to seal the same documents, arguing they contain Bard's confidential business information. Bard also moves[25] to seal portions of

---

[19] See Deherrera, 820 F.3d at 1162 n.8 ("[T]he public's interest in access to judicial records is lessened when the contents are not 'used to determine [the] litigants' substantive legal rights.'" (second alteration in original) (quoting Colony Ins. Co., 698 F.3d at 1242)).

[20] (Doc. Nos. 1051, 1059.)

[21] (Doc. Nos. 1052, 1052-1.)

[22] (Doc. No. 1056.)

[23] (Doc. Nos. 1057, 1057-1.)

[24] (Doc. No. 1070.)

[25] (Doc. No. 1072.)

its opposition to MedComp's short form motion, and Exhibit 1 thereto,[26] arguing these documents likewise contain Bard's confidential business information.

A review of the sealed documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information. Where the documents are filed in connection with briefing on a nondispositive motion, Bard's confidentiality interests outweigh the public's interest in access at this stage.[27] These motions to seal[28] are granted. The documents at issue[29] shall remain sealed until otherwise ordered.

D. Motions to Seal Relating to Bard's Motion to Compel Expert Report Draft

Bard moves[30] to seal portions of its Short Form Motion to Compel Dr. Voth's Expert Report Draft, and Exhibits A through D thereto,[31] based on MedComp's confidentiality designations. MedComp moves[32] to seal the same documents, arguing they contain MedComp's confidential business information and personal health

---

[26] (Doc. Nos. 1073, 1073-1.)

[27] *See Deherrera*, 820 F.3d at 1162 n.8.

[28] (Doc. Nos. 1056, 1070, 1072.)

[29] (Doc. Nos. 1057, 1057-1, 1073, 1073-1.)

[30] (Doc. No. 1062.)

[31] (Doc. Nos. 1063, 1063-1, 1063-2, 1063-3, 1063-4.)

[32] (Doc. No. 1076.)

information of one of MedComp's experts. On the same grounds, MedComp also moves[33] to seal portions of its opposition to Bard's short form motion.[34]

A review of the sealed documents confirms they contain confidential business information and sensitive health information, and the redactions are narrowly tailored to protect this information. Further, the public's interest in access to court records is satisfied by the parties' redacted filings and the court's discussion of the expert's health situation in the order addressing Bard's short form motion.[35] Accordingly, MedComp and its expert's confidentiality interests outweigh the public's interest in access to these documents at this stage. These motions to seal[36] are granted. The documents at issue[37] shall remain sealed until otherwise ordered.

E.  Motions to Seal Relating to Bard's Motion to Compel Data

Bard moves[38] to seal portions of its Motion to Compel Data Supporting Damages Expert Report, and Exhibit A thereto,[39] arguing these documents contain Bard's

---

[33] (Doc. No. 1078.)

[34] (Doc. No. 1079.)

[35] (*See* Mem. Decision and Order Den. Pls.' Mot. to Compel Expert Rep. Draft and Granting Pls.' Mot. to Compel Data Supp. Expert Rep., Doc. No. 1104.)

[36] (Doc. Nos. 1062, 1076, 1078.)

[37] (Doc. Nos. 1063, 1063-1, 1063-2, 1063-3, 1063-4, 1079.)

[38] (Doc. No. 1065.)

[39] (Doc. Nos. 1066, 1066-1.)

confidential business information. MedComp moves[40] to seal Exhibits B, C, and D to its opposition to Bard's motion to compel,[41] arguing these documents contain MedComp's confidential business information and personal health information of one of MedComp's experts.

A review of the sealed documents confirms they contain confidential business information and sensitive health information, and the redactions are narrowly tailored to protect this information. Further, the public's interest in access to court records is satisfied by the parties' briefing on the motion to compel and the court's discussion of the expert's health situation in the order addressing the motion to compel.[42] Accordingly, the parties' confidentiality interests outweigh the public's interest in access to these documents at this stage. These motions to seal[43] are granted. The documents at issue[44] shall remain sealed until otherwise ordered.

---

[40] (Doc. No. 1081.)

[41] (Doc. Nos. 1082-1, 1082-2, 1082-3.)

[42] (*See* Mem. Decision and Order Den. Pls.' Mot. to Compel Expert Rep. Draft and Granting Pls.' Mot. to Compel Data Supp. Expert Rep., Doc. No. 1104.)

[43] (Doc. Nos. 1065, 1081.)

[44] (Doc. Nos. 1066, 1066-1, 1082-1, 1082-2, 1082-3.)

F. <u>Motions to Seal Relating to MedComp's Motion for Leave to Serve Amended Expert Report of Dr. Voth</u>

MedComp moves[45] to seal portions of its Short Form Motion for Leave to Serve Amended Rebuttal Expert Report of Dr. Nancy Voth, and Exhibit A thereto,[46] arguing these documents contain MedComp's confidential business information and personal health information of one of MedComp's experts. On the same grounds, MedComp moves[47] to seal portions of Bard's opposition to MedComp's short form motion.[48] Bard also moves[49] to seal the same portions of its opposition brief, based on MedComp's confidentiality designations.

A review of the sealed documents confirms they contain confidential business information and sensitive health information, and the redactions are narrowly tailored to protect this information. Further, the public's interest in access to court records is satisfied by the parties' redacted filings and the court's discussion of the expert's health situation in the order addressing MedComp's short form motion.[50] Accordingly, MedComp and its expert's confidentiality interests outweigh the public's interest in

---

[45] (Doc. No. 1084.)

[46] (Doc. Nos. 1085, 1085-1.)

[47] (Doc. No. 1100.)

[48] (Doc. No. 1094.)

[49] (Doc. No. 1093.)

[50] (*See* Order Granting in Part and Den. in Part Def.'s Mot for Leave to Serve Am. Expert Rep., Doc. No. 1105.)

access to these documents at this stage. These motions to seal[51] are granted. The documents at issue[52] shall remain sealed until otherwise ordered.

G. Motions to Seal Relating to Bard's Motion to Strike Portions of Expert Reports

Bard moves[53] to seal Exhibits B through E to its Short Form Motion to Strike Portions of Ms. Romans' and Dr. Voth's Rebuttal Expert Reports Relating to Non-Infringing Alternatives and to Strike MedComp's Second Supplemental Response to Interrogatory No. 7,[54] arguing these documents contain the parties' confidential business information. On the same grounds, MedComp moves[55] to seal portions of its response to Bard's short form motion, and Exhibits 2 through 5 thereto.[56] Finally, on the same grounds, MedComp moves[57] to seal portions of its supplemental response to Bard's short form motion, and Exhibits 2, 3, 5, and 7 through 9 thereto.[58]

A review of the sealed documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information. Where the documents are filed in connection with briefing on a nondispositive motion, the

---

[51] (Doc. Nos. 1084, 1093, 1100.)

[52] (Doc. Nos. 1085, 1085-1, 1094.)

[53] (Doc. No. 1089.)

[54] (Doc. Nos. 1090-1, 1090-2, 1090-3, 1090-4, 1090-5, 1090-6.)

[55] (Doc. No. 1097.)

[56] (Doc. Nos. 1098, 1098-1, 1098-2, 1098-3, 1098-4.)

[57] (Doc. No. 1117.)

[58] (Doc. Nos. 1118, 1118-1, 1118-2, 1118-3, 1118-4, 1118-5, 1118-6.)

parties' confidentiality interests outweigh the public's interest in access at this stage.[59] These motions to seal[60] are granted. The documents at issue[61] shall remain sealed until otherwise ordered.

    H. <u>Motions to Seal Relating to MedComp's Motion to Strike Amended Rebuttal Report of Dr. Roche</u>

MedComp moves[62] to seal portions of its Short Form Motion to Strike Amended Rebuttal Report of Dr. Roche, and Exhibits 1 and 2 thereto,[63] based on Bard's confidentiality designations. Bard moves[64] to seal the same documents, arguing they contain Bard's confidential business information.

A review of the sealed documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information. Where the documents are filed in connection with briefing on a nondispositive motion, Bard's confidentiality interests outweigh the public's interest in access at this stage.[65] These

---

[59] *See Deherrera*, 820 F.3d at 1162 n.8.

[60] (Doc. Nos. 1089, 1097, 1117.)

[61] (Doc. Nos. 1090-1, 1090-2, 1090-3, 1090-4, 1090-5, 1090-6, 1098, 1098-1, 1098-2, 1098-3, 1098-4, 1118, 1118-1, 1118-2, 1118-3, 1118-4, 1118-5, 1118-6.)

[62] (Doc. No. 1169.)

[63] (Doc. Nos. 1170, 1170-1, 1170-2, 1180 (errata to Doc. No. 1170), 1191.)

[64] (Doc. No. 1188.)

[65] *See Deherrera*, 820 F.3d at 1162 n.8.

motions to seal[66] are granted. The documents at issue[67] shall remain sealed until otherwise ordered.

I. <u>Motions to Seal Relating to MedComp's Motion to Strike Amended Report of John M. Whealan</u>

MedComp moves[68] to seal portions of its Short Form Motion to Strike Amended Report of John M. Whealan, and Exhibits 1 through 3 thereto,[69] based on Bard's confidentiality designations. Bard moves[70] to seal the same documents, arguing they contain Bard's confidential business information.

A review of the sealed documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information. Where the documents are filed in connection with briefing on a nondispositive motion, Bard's confidentiality interests outweigh the public's interest in access at this stage.[71] These motions to seal[72] are granted. The documents at issue[73] shall remain sealed until otherwise ordered.

---

[66] (Doc. Nos. 1169, 1188.)

[67] (Doc. Nos. 1170, 1170-1, 1170-2, 1180, 1191.)

[68] (Doc. No. 1172.)

[69] (Doc. Nos. 1173, 1173-1, 1173-2, 1173-3.)

[70] (Doc. No. 1189.)

[71] *See Deherrera*, 820 F.3d at 1162 n.8.

[72] (Doc. Nos. 1172, 1189.)

[73] (Doc. Nos. 1173, 1173-1, 1173-2, 1173-3.)

J.  Motions to Seal Relating to Motions to Exclude Expert Testimony

The parties move[74] to seal portions of the briefing and associated exhibits relating to motions to exclude expert testimony, arguing the documents contain the parties' confidential business information.  A review of these documents confirms they contain confidential business information, and the redactions are narrowly tailored to protect this information.  Moreover, significant portions of the briefing remain publicly accessible.  Where the documents are filed in connection with briefing on nondispositive motions, the parties' confidentiality interests outweigh the public's interest in access at this stage.[75]  These motions to seal[76] are granted.  The documents at issue[77] shall remain sealed until otherwise ordered.

---

[74] (Doc. Nos. 1130, 1133, 1136, 1139, 1142, 1145, 1148, 1151, 1154, 1157, 1160, 1163, 1166, 1175, 1183–87, 1190, 1192–93, 1197, 1200, 1203, 1206, 1209, 1211, 1215, 1218, 1220, 1224, 1227, 1231, 1234, 1245–50, 1252, 1254, 1257, 1261, 1264, 1270, 1273, 1277, 1281, 1284, 1288, 1291–93.)

[75] *See Deherrera*, 820 F.3d at 1162 n.8.

[76] (Doc. Nos. 1130, 1133, 1136, 1139, 1142, 1145, 1148, 1151, 1154, 1157, 1160, 1163, 1166, 1175, 1183–87, 1190, 1192–93, 1197, 1200, 1203, 1206, 1209, 1211, 1215, 1218, 1220, 1224, 1227, 1231, 1234, 1245–50, 1252, 1254, 1257, 1261, 1264, 1270, 1273, 1277, 1281, 1284, 1288, 1291–93.)

[77] (Doc. Nos. 1131, 1131-1, 1131-2, 1131-3, 1131-4, 1131-5, 1131-6, 1131-7, 1134, 1134-1, 1134-2, 1134-3, 1137, 1137-1, 1137-2, 1137-3, 1140, 1140-1, 1140-2, 1143, 1143-1, 1143-2, 1143-3, 1146, 1146-1, 1149, 1149-1, 1149-2, 1152, 1152-1, 1152-2, 1155, 1155-1, 1155-2, 1155-3, 1155-4, 1158, 1158-1, 1161, 1161-1, 1164, 1164-1, 1164-2, 1164-3, 1167, 1167-1, 1167-2, 1176, 1176-1, 1176-2, 1176-3, 1176-4, 1198, 1201-1, 1201-2, 1204, 1207-1, 1212, 1212-1, 1212-2, 1212-3, 1212-4, 1212-5, 1212-6, 1214, 1217-1, 1217-2, 1221, 1222-1, 1222-2, 1225, 1225-1, 1225-2, 1225-3, 1228-1, 1228-2, 1228-3, 1228-4, 1232, 1235-1, 1235-2, 1235-3, 1235-4, 1235-5, 1235-6, 1235-7, 1255, 1258, 1262, 1265, 1271, 1274, 1278, 1282, 1285, 1285-1, 1285-2, 1285-3, 1289-1, 1289-2, 1289-3.)

K. <u>Motions to Seal Relating to Summary Judgment Motions</u>

Finally, the parties move to seal portions of the summary judgment briefing and related exhibits, arguing these documents contain both parties' confidential business information. Specifically, Bard moves[78] to seal portions of its Motion for Summary Judgment, and Exhibits 15, 17–20, 25, 31, 33, 35–37, 42–65, 67, 69–71 and 73 thereto;[79] MedComp and Bard both move[80] to seal portions of MedComp's opposition to Bard's motion for summary judgment, and Exhibit 1 thereto;[81] Bard moves[82] to seal portions of its reply in support of its motion for summary judgment;[83] MedComp moves[84] to seal portions of its Motion for Summary Judgment, and Exhibits 10–23, 25, 27, and

---

[78] (Doc. No. 1121.)

[79] (Doc. Nos. 1122, 1122-15, 1122-17, 1122-18, 1122-19, 1122-20, 1122-25, 1123-1, 1123-3, 1123-5, 1123-6, 1123-7, 1123-12, 1123-13, 1123-14, 1123-15, 1123-16, 1123-17, 1123-18, 1123-19, 1123-20, 1123-21, 1123-22, 1123-23, 1123-24, 1123-25, 1123-26, 1123-27, 1123-28, 1123-29, 1123-30, 1123-31, 1123-32, 1123-33, 1123-34, 1123-35, 1123-37, 1123-39, 1123-40, 1123-41, 1123-43.) Bard also argues some of these documents contain confidential business information of several third parties. (*See* Mot. for Leave to File Under Seal 2–5, Doc. No. 1121.)

[80] (Doc. No. 1240 (MedComp's motion to seal); Doc. No. 1251 (Bard's motion to seal).)

[81] (Doc. Nos. 1241, 1241-1.)

[82] (Doc. No. 1267.)

[83] (Doc. No. 1268.)

[84] (Doc. No. 1125.)

28 thereto;[85] and Bard moves[86] to seal portions of its opposition to MedComp's motion for summary judgment, and Exhibits 1–3, 5–10, and 13–16 thereto.[87]

      A review of the documents confirms they contain detailed, technical information regarding the parties' products, as well as other sensitive business information which could cause competitive harm (to the parties or third parties) if disclosed. Thus, the parties have articulated significant interests weighing against the presumption of public access. No doubt, the public's interest in access is heightened where these documents are filed in connection with a dispositive motion.[88] Nevertheless, the court has yet to rule on the summary judgment motions, and it remains to be seen whether and to what extent the redacted information will be used to determine the parties' substantive legal rights. Further, the redactions appear narrowly tailored, and significant portions of the briefing remain publicly accessible. Under these circumstances, the parties' and nonparties' interests in protecting confidential business information from competitors

---

[85] (Doc. Nos. 1126, 1126-1, 1126-2, 1126-3, 1126-4, 1126-5, 1126-6, 1126-7, 1126-8, 1126-9, 1126-10, 1126-11, 1126-12, 1126-13, 1126-14, 1126-15, 1126-16, 1127-1.)

[86] (Doc. No. 1237.)

[87] (Doc. Nos. 1238, 1238-1, 1238-2, 1238-3, 1238-4, 1238-5, 1238-6, 1238-7, 1238-8, 1238-9, 1238-10, 1238-11, 1238-12, 1238-13.)

[88] *See Colony Ins. Co.*, 698 F.3d at 1242 ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." (alteration in original) (citation omitted)).

outweigh the public's interest in access even at this stage. These motions to seal[89] are granted. The documents at issue[90] shall remain sealed until otherwise ordered.

## CONCLUSION

The motions to seal discussed above[91] are granted. The documents at issue[92] shall remain sealed until otherwise ordered. Any finding in this order that a document

---

[89] (Doc. Nos. 1121, 1125, 1237, 1240, 1251, 1267.)

[90] (Doc. Nos. 1122, 1122-15, 1122-17, 1122-18, 1122-19, 1122-20, 1122-25, 1123-1, 1123-3, 1123-5, 1123-6, 1123-7, 1123-12, 1123-13, 1123-14, 1123-15, 1123-16, 1123-17, 1123-18, 1123-19, 1123-20, 1123-21, 1123-22, 1123-23, 1123-24, 1123-25, 1123-26, 1123-27, 1123-28, 1123-29, 1123-30, 1123-31, 1123-32, 1123-33, 1123-34, 1123-35, 1123-37, 1123-39, 1123-40, 1123-41, 1123-43, 1126, 1126-1, 1126-2, 1126-3, 1126-4, 1126-5, 1126-6, 1126-7, 1126-8, 1126-9, 1126-10, 1126-11, 1126-12, 1126-13, 1126-14, 1126-15, 1126-16, 1127-1, 1238, 1238-1, 1238-2, 1238-3, 1238-4, 1238-5, 1238-6, 1238-7, 1238-8, 1238-9, 1238-10, 1238-11, 1238-12, 1238-13, 1241, 1241-1, 1268.)

[91] (Doc. Nos. 1038, 1042, 1045, 1051, 1056, 1059, 1062, 1065, 1070, 1072, 1076, 1078, 1081, 1084, 1089, 1093, 1097, 1100, 1117, 1121, 1125, 1130, 1133, 1136, 1139, 1142, 1145, 1148, 1151, 1154, 1157, 1160, 1163, 1166, 1169, 1172, 1175, 1183–90, 1192–93, 1197, 1200, 1203, 1206, 1209, 1211, 1215, 1218, 1220, 1224, 1227, 1231, 1234, 1237, 1240, 1245–52, 1254, 1257, 1261, 1264, 1267, 1270, 1273, 1277, 1281, 1284, 1288, 1291–93.)

[92] (Doc. Nos. 1039, 1039-1, 1046-1, 1046-2, 1052, 1052-1, 1057, 1057-1, 1063, 1063-1, 1063-2, 1063-3, 1063-4, 1066, 1066-1, 1073, 1073-1, 1079, 1082-1, 1082-2, 1082-3, 1085, 1085-1, 1090-1, 1090-2, 1090-3, 1090-4, 1090-5, 1090-6, 1094, 1098, 1098-1, 1098-2, 1098-3, 1098-4, 1118, 1118-1, 1118-2, 1118-3, 1118-4, 1118-5, 1118-6, 1122, 1122-15, 1122-17, 1122-18, 1122-19, 1122-20, 1122-25, 1123-1, 1123-3, 1123-5, 1123-6, 1123-7, 1123-12, 1123-13, 1123-14, 1123-15, 1123-16, 1123-17, 1123-18, 1123-19, 1123-20, 1123-21, 1123-22, 1123-23, 1123-24, 1123-25, 1123-26, 1123-27, 1123-28, 1123-29, 1123-30, 1123-31, 1123-32, 1123-33, 1123-34, 1123-35, 1123-37, 1123-39, 1123-40, 1123-41, 1123-43, 1126, 1126-1, 1126-2, 1126-3, 1126-4, 1126-5, 1126-6, 1126-7, 1126-8, 1126-9, 1126-10, 1126-11, 1126-12, 1126-13, 1126-14, 1126-15, 1126-16, 1127-1, 1131, 1131-1, 1131-2, 1131-3, 1131-4, 1131-5, 1131-6, 1131-7, 1134, 1134-1, 1134-2, 1134-3, 1137, 1137-1, 1137-2, 1137-3, 1140, 1140-1, 1140-2, 1143, 1143-1, 1143-2, 1143-3, 1146, 1146-1, 1149, 1149-1, 1149-2, 1152, 1152-1, 1152-2,

warrants sealing may be revisited (by the court or on motion of a party) if the sealed information is later used to determine the parties' substantive legal rights.

DATED this 27th day of March, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

1155, 1155-1, 1155-2, 1155-3, 1155-4, 1158, 1158-1, 1161, 1161-1, 1164, 1164-1, 1164-2, 1164-3, 1167, 1167-1, 1167-2, 1170, 1170-1, 1170-2, 1173, 1173-1, 1173-2, 1173-3, 1176, 1176-1, 1176-2, 1176-3, 1176-4, 1180, 1191, 1198, 1201-1, 1201-2, 1204, 1207-1, 1212, 1212-1, 1212-2, 1212-3, 1212-4, 1212-5, 1212-6, 1214, 1217-1, 1217-2, 1221, 1222-1, 1222-2, 1225, 1225-1, 1225-2, 1225-3, 1228-1, 1228-2, 1228-3, 1228-4, 1232, 1235-1, 1235-2, 1235-3, 1235-4, 1235-5, 1235-6, 1235-7, 1238, 1238-1, 1238-2, 1238-3, 1238-4, 1238-5, 1238-6, 1238-7, 1238-8, 1238-9, 1238-10, 1238-11, 1238-12, 1238-13, 1241, 1241-1, 1255, 1258, 1262, 1265, 1268, 1271, 1274, 1278, 1282, 1285, 1285-1, 1285-2, 1285-3, 1289-1, 1289-2, 1289-3.)